UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FENNELLE D. MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | NO: CV-10-3042-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter is before the Court on Defendant's motion to dismiss (Ct. Rec. 8) and Plaintiff's motion for leave to file a first amended complaint (Ct. Rec. 27). The Court has reviewed Defendant's motion to dismiss (Ct. Rec. 8) and supporting memorandum (Ct. Rec. 9), Plaintiff's response (Ct. Rec. 17) and supporting affidavits (Ct. Recs. 18, 19, and 20), Defendant's reply (Ct. Rec. 30), Plaintiff's motion for leave to amend (Ct. Rec. 27) and accompanying exhibits, and the remaining record in this case.

**I. Background**

Plaintiff Fennelle Miller is an archaeologist whose former employer was contracted to work with the United States Army Corps of Engineers ("USACE") to

identify and catalog Native American archaeological sites in southeast Washington State (Ct. Rec. 17 at 1). Ms. Miller alleges that she sustained an injury on August 22, 2006, while riding in a flat-bottomed boat operated by a USACE employee on the Snake River, near the junction of the Snake and Columbia Rivers near Pasco, Washington. Ms. Miller alleges that the USACE employee operated the boat at a speed too fast for the windy weather conditions at the time and that his negligent operation of the boat proximately caused Ms. Miller to sustain injuries to her back and accompanying emotional injury (Ct. Rec. 1 at 2).

Ms. Miller asserted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, with the USACE by filing a Standard Form 95 ("Claim for Damage, Injury, or Death," hereinafter "SF 95") dated May 20, 2008 (Ct. Rec. 29 at 5-6). A claims officer in the Walla Walla, Washington, USACE Office of Counsel responded in a letter dated June 4, 2008, that the USACE was "in receipt of" the SF 95 claim. The claims officer's letter also set out the procedural timeline for an FTCA claim and requested that Ms. Miller return a copy of a medical records release form enclosed with the letter (Ct. Rec. 29 at 8; Ct. Rec. 18-1 at 6-7). The June 4 letter contained the following statement:

> The claim will be processed under the [FTCA]. The FTCA contains a provision for a 6-month administrative investigation and settlement period. Filing of a complete administrative claim within 2 years of the date of the incident tolls the statute of limitations indefinitely, or until the Army takes final administrative action <u>in writing</u> on the claim. Final administrative action consists of a denial or final

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 2

settlement offer. The FTCA permits you to file suit after 6 months, provided the claim has been properly filed and documented. No jury trial is allowed under the FTCA.

(Ct. Rec. 18-1 at 6).

The USACE sent another letter with additional information about the proper procedures for pursuing an FTCA claim on June 11, 2008 (Ct. Rec. 18-1 at 8). Ms. Miller, through her attorney, communicated with the claims officer or other USACE Office of Counsel staff in emails dated July 7, 2008, through December 3, 2009, regarding her consent to release her medical records. In November 2009, Ms. Miller's attorney visited USACE premises to examine the boat in which Ms. Miller was allegedly injured (Ct. Rec. 17 at 15; Ct. Rec. 21 at 67-74).

In a letter dated June 15, 2010, an attorney in the Walla Walla District Office of Counsel for the USACE who previously had not communicated with Ms. Miller or her attorney stated:

> We have concluded that Ms. Miller's claim is a claim sounding in admiralty, not a Federal Tort Claims Act claim as initially identified. Therefore, the claim will be assessed under the laws applicable to admiralty claims.

(Ct. Rec. 21 at 75).

The letter also asked Ms. Miller to provide a statement by July 15, 2010, of what action she alleged constituted negligence and how that alleged negligence resulted in injury to Ms. Miller (Ct. Rec. 21 at 75-76).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 3

On July 16, 2010, Ms. Miller filed a Complaint in this Court under the FTCA against the United States for negligent operation of a boat (Ct. Rec. 1 at 1). According to the Complaint, the Washington State Department of Labor and Industries paid worker's compensation for Ms. Miller's injuries, and brings this suit as a third-party action under RCW 51.24.050(1) as an assignee (Ct. Rec. 1).

The Plaintiff asserts in the Complaint that this Court has subject matter jurisdiction pursuant to the FTCA, 28 U.S.C. § 2675. After the defendant moved to dismiss, Plaintiff moved the Court to Amend/Correct her complaint to add the SAA and equitable estoppel as bases for subject matter jurisdiction (Ct. Rec. 27).

## II.  Analysis

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); U.S. Const. Art. III, sec. 1. The Court's authority extends only to subject matter authorized by the Constitution or by statute. *Kokkonen*, 511 U.S. at 377. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See id*. The Court will grant a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure if the complaint fails to allege grounds for federal subject matter jurisdiction, as required by rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide*, 328 F.3d 1136, 1139 (9th Cir.2003).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 4

Furthermore, the United States is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of the federal government's sovereign immunity from liability for negligent or wrongful acts of its employees in some circumstances. 28 U.S.C. §1346(b)(1); *United States v. Olson*, 546 U.S. 43, 44 (2005). However, the FTCA excludes from its waiver "[a]ny claim for which a remedy is provided by chapter 309 or 311 of title 46 relating to claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d). Therefore, "[a]lthough the FTCA usually provides the waiver in tort actions, the FTCA is inapplicable where an admiralty claim exists." 28 U.S.C. § 2680(d). Admiralty claims are provided for under the Suits in Admiralty Act, 46 U.S.C. § 30901 *et seq.* ("SAA") and the Public Vessels Act, 46 U.S.C. § 31101 *et seq.* ("PVA").

Federal courts exercise admiralty jurisdiction over a tort claim if (1) the tort occurs over navigable waters (the "locality" or "situs" test) and (2) the actions giving rise to the tort claim "bear a significant relationship to traditional maritime activity" (the "nexus" or "relationship" test). *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005). In determining whether a claim meets the "nexus" or "relationship" test, the United States Supreme Court has articulated two relevant inquiries:

> The connection test raises two issues. A court, first, must 'assess the general features of the type of incident involved' to determine whether

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 5

the incident has 'a potentially disruptive impact on maritime commerce.' Second, a court must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

Ms. Miller does not dispute that the locus of the tort she is alleging is the boat as it maneuvered the Snake River, so the first condition for maritime jurisdiction is met. *See Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985) (citing numerous cases defining the locus of the tort as "the place where the injury occurs"). However, Ms. Miller disputes whether her tort claim meets the "relationship" test and argues that the actions that caused her alleged injury did not affect commercial maritime activities nor resemble traditional maritime activity.

Admiralty jurisdiction is not restricted to "those individuals actually *engaged* in commercial maritime activity." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675 (1982). The federal interest in protecting maritime commerce "can be fully vindicated only if *all* operators of vessels on navigable waters are subject to uniform rules of conduct." *Foremost*, 457 U.S. at 675.

Ms. Miller does not dispute that the Snake River is a navigable water way, and Ms. Miller's allegation that the USACE employee operated a boat too fast for the conditions describes an activity, boating, that "shows a 'substantial relationship

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 6

to traditional maritime activity.'" *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). In addition, operating a boat too fast for the relevant conditions does have the potential of affecting maritime commerce and of creating legal precedent regarding the standard of care to which boat operators, commercial and non-commercial, should be held. *See Morrison-Knudsen Co. v. O'Leary*, 288 F.2d 542, 544 (9th Cir. 1961) ("There can be no doubt . . . that the waters of the Snake River are navigable waters"); *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1129 (9th Cir. 2009) (finding a nexus where a passenger going overboard in navigable waters had the potential to disrupt maritime traffic).

Therefore, the Court concludes that Ms. Miller's claim does sound in admiralty law and the FTCA does not apply. See e.g., *28 U.S.C. §2680(d)*. The next issue is whether Ms. Miller may proceed under the SAA.

***Motion for Leave to Amend the Complaint***

Plaintiff moves for leave to file an amended complaint that asserts subject matter jurisdiction under *either* the FTCA or the SAA (Ct. Rec. 27).

The statute of limitations for a claim under the SAA is two years. 46 U.S.C. § 30905. Therefore, the statute of limitations on Ms. Miller's SAA claim would have expired on approximately August 22, 2008. However, Ms. Miller argues that the doctrine of equitable estoppel should be applied to extend the statute of limitations to allow her to file an amended complaint because the USACE treated

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 7

her claim as a FTCA claim from approximately June 3, 2008, until approximately June 15, 2010.

In the Ninth Circuit, "equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980)). To qualify for equitable estoppel, the plaintiff must demonstrate that she "relied on the defendant's misconduct in failing to file in a timely manner and 'must plead with particularity the facts which give rise to the claim of fraudulent concealment.'" *Guerrero*, 442 F.3d at 706-07 (quoting *Conerly*, 623 F.2d at 120). However, as a general rule, individuals "who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 63 (1984).

This Court finds no basis to conclude that the United States should be equitably estopped from asserting the claim of lack of subject matter jurisdiction against Ms. Miller's proposed SAA claim after the statute of limitations expired on her claim on approximately August 22, 2008. The only basis for Plaintiff's equitable estoppel argument are two letters sent from a USACE claims officer

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 8

between late May 2008 and August 22, 2008, to Ms. Miller's attorney confirming receipt of the SF 95 and reciting, in what strikes the Court as form language, the process by which Ms. Miller's FTCA claim would be adjudicated by the agency (Ct. Rec. 21 at 9-11). These representations do not amount to active conduct by the United States to prevent Ms. Miller from filing an SAA suit in time, and the Court does not consider Ms. Miller's reliance on the USACE claims officer's generic written statements as reasonable in these circumstances. *See Guerrero*, 442 F.3d at 706; *Heckler*, 467 U.S. at 63.

Even if the Court were to grant Ms. Miller's motion to amend her complaint to add the SAA as a basis for subject matter jurisdiction, her claim would be barred by the two year statute of limitations on SAA claims. Therefore, the Court would not have subject matter jurisdiction under the SAA or the FTCA.

Without subject matter jurisdiction, this Court may not consider this case. Although it appears that dismissing this case for lack of subject matter is unfair and a disservice to the Plaintiff, the alternative would be a greater disservice, because subject matter jurisdiction could be challenged at a later stage and the case dismissed after Plaintiff had undertaken further litigation expense and effort. *See, e.g., Westlands Water Dist. V. Firebaugh Canal*, 10 F.3d 667, 673 (9th Cir. 1993) ("An appellate court may consider subject matter jurisdiction, on its own motion or at the behest of a party, even if it is not raised in the district court").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 9

The Court finds that it lacks subject matter jurisdiction to hear Ms. Miller's claim under either FTCA or SAA and, therefore, **GRANTS** Defendant's motion to dismiss, **Ct. Rec. 8**, pursuant to Fed. R. Civ. P. 12(b)(1), and DENIES Plaintiff's motion to amend, **Ct. Rec. 27**.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 8**) is **GRANTED.**

2. Plaintiff's Motion for Leave to file an Amended Complaint (**Ct. Rec. 27**) is **DENIED.**

3. Plaintiff's FTCA claim against the United States is **dismissed with prejudice**.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and **CLOSE** this file.

**DATED** this 6th of January, 2011.

                                                *s/ Rosanna Malouf Peterson*
                                                ROSANNA MALOUF PETERSON
                                                United States District Court Judge